IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GARY BARTON, SR., *as Administrator of the Estate of Michael L. Barton*,

    Plaintiff,

vs.

O'DANIEL TRUCKING COMPANY, INC.,

    Defendant.

Case No. 13-cv-1159-JPG-PMF

## **MEMORANDUM AND ORDER**

This matter comes before the Court on its own initiative for purposes of case management. Specifically, the Court questions whether it has jurisdiction over this matter.

Federal courts are courts of limited jurisdiction. They may exercise jurisdiction only over matters authorized by the Constitution and by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir. 1997). Moreover, federal courts must police the boundaries of their own jurisdiction. Even absent an objection by a party challenging jurisdiction, they are "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448-49 (7th Cir. 2000) (quoting *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). As such, this Court conducts a rigorous initial review of complaints to ensure that jurisdiction has been properly pled.

Federal courts have jurisdiction over a civil action between citizens of different states. 28 U.S.C. § 1332(a)(1) (2006). For purposes of diversity jurisdiction, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 18 U.S.C. § 1332(c)(2). Citizenship is not synonymous with residence. *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). "For the purposes of [§ 1332(c)] . . . , a

corporation shall be deemed a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business." *Se. Guar. Trust Co., Ltd. v. Rodman & Renshaw, Inc.*, 358 F. Supp. 1001, 1005-1006 (N.D. Ill. 1973) (emphasis added).

Here, Plaintiff has pleaded the residence, rather than the citizenship, of the decedent. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile . . . . An allegation of 'residence' is therefore deficient."). Further, Plaintiff has failed to plead the Defendant's state of incorporation and its principal place of business. Based on the insufficient pleading, the Court cannot determine whether diversity exists.

Accordingly, the Court **ORDERS** Plaintiff to file an amended complaint correcting these and *any other* jurisdictional defects by **December 16, 2013.** *See Tylka*, 211 F.3d at 448 ("[I]t is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme."). Should it fail to do so, the Court will dismiss this matter for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**DATED:** December 2, 2013

                                                                          s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**